IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARC ANTHONY TOWNES,            :

    Petitioner,             :
                                CIVIL ACTION 13-0403-CG-M
v.                              :
                                CRIMINAL ACTION 07-00039-CG-M
UNITED STATES OF AMERICA,       :

    Respondent.             :

## REPORT AND RECOMMENDATION

    Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 53) and Respondent's Motion to Dismiss (Doc. 55). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 55) be granted, that Petitioner's Motion to Vacate (Doc. 53) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Marc Anthony Townes. It is further recommended that any

1

certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Townes was indicted[1] on March 29, 2007 for the following: conspiring to commit carjacking in violation of 18 U.S.C. § 2119 (count one); carjacking a vehicle in violation of 18 U.S.C. §§ 2 and 2119 (count two); and possessing a firearm while committing a carjacking crime in violation of 18 U.S.C. §§ 2 and 924(d) (count three) (Doc. 6).  On August 22, 2007, Petitioner pled guilty to all three charges brought against him in the indictment (Doc. 41).  On December 11, 2007, U.S. District Judge Granade sentenced Petitioner to forty-one months each on counts one and two, to be served concurrently, and eighty-four months on count three, to be served consecutively to the forty-one month sentences; in addition, Townes was sentenced to three years of supervised release on counts one and two and five years of supervised release on count three following his release from prison, all to run concurrently, and an assessment of three hundred dollars dollars (Doc. 52).  Judgment was entered on December 27, 2007 (Doc. 53).  Townes did not appeal his conviction (*see* Doc. 53, p. 1, ¶ 9).

Petitioner filed his Motion to Vacate, Set Aside, or

---

[1]This is a superseding indictment although Townes was not named in the original indictment (*see* Doc. 1).

2

Correct Sentence under 28 U.S.C. § 2255 on August 2, 2013 in which he raises the single claims that all factual circumstances of his convictions were not proven to a jury beyond a reasonable doubt (Doc. 53). Respondent filed a Motion to Dismiss on August 30, 2013 (Doc. 55). Though given the opportunity to do so, Townes did not file a response to the Motion (see Doc. 56).

In its Motion, Respondent has asserted that this petition should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 55). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2255. The specific provisions state as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> \*\*\*
>
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>     (1) the date on which the judgment of

3

> conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Since he did not file an appeal, Petitioner's conviction became final on January 10, 2008, fourteen days after the entry of judgment. F.R.App.P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after [] the entry of either the judgment or the order being appealed"). That means the AEDPA limitations clock began to run the next day and ran for one year until January 10, 2009 at which time the clock stopped. This action, being filed

4

on August 2, 2013, comes more than four years too late.

Petitioner, however, asserts that his claim only came into being with the U.S. Supreme Court's decision, in *Alleyne v. United States*, --- U.S. ---, 133 S.Ct. 2151 (2013), entered on June 17, 2013 (Doc. 53).  Townes seeks to come within subsection (3) of § 2255(f) in which the AEDPA clock begins running "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

In *Alleyne*, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury."  *Alleyne*, 133 S.Ct. at 2163.  The Court reached its decision, however, based on its holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The Court finds that the decision in *Alleyne* is not a new rule of law.

However, even if this Court is incorrect in reaching this decision, there is no doubt that the Supreme Court, in *Alleyne*, does not make its decision retroactive as required in § 2255(f)(3).  There is no mention of retroactivity in the high Court's decision.  As such, the claim and petition brought by Petitioner is barred by the AEDPA statue of limitations.

Townes has raised a single claim in this petition.

5

However, because this action was filed so long after his conviction, it is barred by the AEDPA statute of limitations. Therefore, it is recommended that Defendant's Motion to Dismiss (Doc. 55) be granted, that the Petition to Vacate (Doc. 53) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Marc Anthony Townes.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Townes has not filed this action in a timely manner under AEDPA, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that he should be allowed to proceed further. *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file

specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 9th day of October, 2013.

                                                 s/BERT W. MILLING, JR.
                                                 UNITED STATES MAGISTRATE JUDGE